UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUL 3 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| |
|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEVIN L. STODDARD,<br><br>Defendant. |

Magistrate No. 07-355M-01
DAR

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

**I. INTRODUCTION**

Defendant is charged by criminal complaint with bank robbery in violation of 18 U.S.C. § 2113(a). A consolidated preliminary hearing and detention hearing was conducted by the undersigned United States Magistrate Judge on July 17, 2007.

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel and the entire record herein, Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

**II. THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon

United States v. Stoddard                                                                                                                                      2

which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir. 1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

### III. DISCUSSION

The government's sole witness was Metropolitan Police Detective Elmer Baylor. Detective Baylor testified that the Defendant entered the M&T Bank located at 6434 Georgia Avenue, N.W., Washington, D.C., on May 14, 2007 with a mop and a bucket. Defendant asked a bank employee if he could wash the windows and when the employee denied his request, the

United States v. Stoddard                                                                                                              3

Defendant replied, "you know what time it is." Detective Baylor testified that the Defendant placed his hand to the side of the employee as if he had a weapon and they went behind the counter, where he demanded money from the drawer. The Defendant took approximately $14,000. Detective Baylor testified that on July 11, 2007, the Defendant was spotted near the bank by two eyewitnesses to the May 14 bank robbery, and that during a "show up," the witnesses identified the Defendant as the individual who robbed the bank on May 14, 2007; additionally, one of the witnesses identified Defendant as the person who robbed the same bank on April 3, 2007.

      Counsel for the government, in further support of the government's request for pretrial detention, relied upon the reports prepared by the Pretrial Services Agency. The reports indicate that at the time of the offense charged, Defendant was on release pending trial in a Superior Court case in which he is charged with distribution and possession with intent to distribute a controlled substance, and that an individual with Defendant's name, race and gender, and a similar date of birth, was on release pending trial on a malicious destruction of property charge in Prince George's County. Pretrial Services reports that in the former case, Defendant was released by a Superior Court judge on the condition that he participate in the New Directions program, but that he had failed to comply with virtually all of his conditions. More specifically, Pretrial Services reports that Defendant failed to report for testing on four occasions; tested positive on two occasions; failed to attend all 11 scheduled group sessions; failed to complete the required program sanctions; and failed to appear for a status hearing. Additionally, Pretrial Services reports that Defendant has four prior convictions, including a 1994 conviction for bank

United States v. Stoddard 4

robbery; in that matter, Defendant's term of supervised release was revoked in October, 2003, and a sentence of an additional 24 months was imposed.

Defendant's counsel argued probable cause, and suggested that if probable cause is found, then Defendant should be released on the condition that he reside at a halfway house pending trial.

The court found probable cause.

### IV. **FINDINGS OF FACT**

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community.[1]

First, the nature and circumstances of the offense charged indicate that there is probable cause that Defendant committed a crime of violence.

Second, for the reasons proffered by counsel for the government, the undersigned finds that the weight of the evidence against the Defendant is compelling.

Third, Defendant's history and characteristics militate against pretrial release. Of particular significance is Defendant's criminal history: the Defendant was on pretrial release at the time of the offense charged; failed to comply with the requirements of the New Directions program; failed to appear for a status hearing in Superior Court on February 16, 2007; and has four prior convictions, including one for bank robbery.

Finally, the undersigned is satisfied that the toll which violence has taken, and continues

---

[1] Upon further consideration, the undersigned now finds by a preponderance of the evidence that no condition or combination of conditions would reasonably assure the Defendant's appearance.

United States v. Stoddard 5

to take, upon this community is well-documented and need not be repeated here. The undersigned finds that the evidence offered and proffered by the government, compel the conclusion that the community would be endangered by Defendant's release, and that he is not amenable to community supervision.

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the July 17, 2007 Order of Detention.

_____
DEBORAH A. ROBINSON
United States Magistrate Judge

___July 27, 2007_____
         DATE

___July 17, 2007_____
     NUNC PRO TUNC